# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | CASE NO. 1:11-cv-01215-AWI-SKO |
| Plaintiff, | **ORDER REMANDING ACTION TO CALAVERAS COUNTY SUPERIOR COURT** |
| v. | |
| SCOTT J. DAVIDSON and MARIA DAVIDSON, | (Docket Nos. 1, 3) |
| Defendants. | |

## I. INTRODUCTION

On July 22, 2011, Defendants Scott J. Davidson and Maria Davidson ("Defendants")[1] filed a "Notice of Removal of a Civil Case" ("removal notice") (Doc. No. 1.) The July 22, 2011, removal notice alleges that the Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, federal question jurisdiction and diversity jurisdiction, respectively. On August 17, 2011, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"), filed a motion to remand asserting that the Court has no subject matter jurisdiction to support removal. Plaintiff's motion is taken under submission pursuant to Local Rule 230(g), and the hearing set for September 21, 2011, is VACATED.

---

[1] Plaintiff notes that, at the time the removal notice was filed, Maria Davidson was not a party to the state court unlawful detainer action. (Doc. 3-1, 3:9-11.)

For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand, and the matter is REMANDED to Calaveras County Superior Court.

## II.  DISCUSSION

**A.     Legal Standard**

Title 28 of the United States Code, Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, *Inc.*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

The propriety of removal requires the consideration of whether the district court has original jurisdiction of the action; i.e., whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446.  If the case is not within the original jurisdiction of the district court, removal is improper.  The absence of subject matter jurisdiction is not waivable by the parties. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951).

**B.      Plaintiff's Motion to Remand is Granted**

As an initial matter, the underlying complaint filed in the Calaveras County Superior Court was not provided by Defendants when the removal notice was filed.  Section 1446(a) of Title 28 of the United States Code requires that the removing defendant "shall file a copy of all process, pleadings, and orders served upon such defendant or defendants in the action."  Because a copy of the complaint at issue was not provided when the removal notice was filed, Defendants failed to comply with Section 1446(a).

        **1.      No Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

Regardless of this procedural error, the jurisdictional predicate necessary for this Court to assert subject matter jurisdiction is absent.  In its motion for remand, Plaintiff provides a copy of the complaint filed in Calaveras County Superior Court.  (*See* Doc. 3-2.)  The complaint contains a single claim for unlawful detainer. (Doc. 3-2.)  Plaintiff asserts that there is no removal jurisdiction because a claim for unlawful detainer does not arise under federal law, and thus the Court has no federal question jurisdiction pursuant to 28 U.S.C. § 1331.  In Defendants' removal notice, they assert that the case involves "multiple violations of the Fair Debt Collection Practices Act . . . and thus the Federal Courts have jurisdiction in this matter."  (Doc. 1, 2:6-9.)  Plaintiff's complaint for unlawful detainer does not state claims under the Fair Debt Collection Practices Act.  Rather, Defendants appear to assert that the Fair Debt Collection Practices Act is at issue by virtue of Defendants' defense to the action.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

### 2. No Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

Plaintiff maintains that the Court does not have removal jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship because the complaint expressly pleads that the damages at issue are less than $10,000, which is insufficient to meet the amount in controversy requirements under Section 1332.

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The complaint does not allege damages in excess of $75,000. Rather, the caption of the complaint expressly states that the amount demanded does not exceed $10,000. When a plaintiff alleges damages in an amount less than the jurisdictional minimum, "a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).[2] Defendants' argument that the amount in controversy exceeds $75,000 is not support by any evidence and falls short of this standard. The Court, therefore, finds that the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

Moreover, pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Any other action, however, such as one where jurisdiction is founded on diversity, "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, Defendants expressly state that they are citizens of the State of California. (Doc. 1, 2:11-13 ("We, Scott J. Davidson and Maria

---

[2] As *Lowdermilk* was predicated on removal under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), there is a question whether the legal certainty standard is also applicable in the 28 U.S.C. § 1332(a) removal context. The Ninth Circuit specifically left this question unanswered in *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court notes, however, that several district courts have applied *Lowdermilk* in the Section 1332(a) removal context. *See, e.g., Lara v. Trimac Transp. Servs,* No. CV 10-09226 MMM, 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010). Here, however, the Court has no need to reach the question of whether *Lowdermilk* applies in the context of a Section 1332(a) removal. Even if Defendants were held to the lower standard of establishing the amount in controversy by a preponderance of evidence, Defendants' removal notice does not satisfy that evidentiary standard.

Davidson, the Defendants are from California and the value in controversy exceeds $75,000.00 dollars in value, therefore the conditions precedent for removal of a civil case [are] met under the diversity of citizenship statutes . . . .").) To the extent that Defendants assert jurisdiction is proper based upon diversity of citizenship, Defendants' California residency negates removal jurisdiction based on diversity.  28 U.S.C. § 1441(b).

In sum, the Court concludes that removal jurisdiction is not proper on the basis of either 28 U.S.C. § 1331 or § 1332.  The Court, therefore, remands this action to Calaveras County Superior Court.

### III.   CONCLUSION

As set forth above, Defendants' July 22, 2011, notice of removal provides no basis for federal jurisdiction.  Accordingly, the Court HEREBY ORDERS that:

1. The hearing on Plaintiff's motion to remand set for September 21, 2011, is VACATED;
2. This action is REMANDED to the Calaveras County Superior Court; and
3. The Clerk of the Court is DIRECTED to serve a copy of this order on the Calaveras County Superior Court.

IT IS SO ORDERED.

**Dated:   September 20, 2011**            /s/ Sheila K. Oberto
                            UNITED STATES MAGISTRATE JUDGE